# GUY *v.* DISTRICT OF COLUMBIA.

CERTIORARI; TAXES; ASSESSMENTS.

1. To entitle one to the writ of certiorari, it must appear that wrong and injustice will be suffered if the writ is refused, and also that the application for the writ has been made without unreasonable delay. (Following *Padgett* v. *District of Columbia,* 17 App. D. C. 255.)

2. A petition for the writ of certiorari for relief against an alleged illegal tax sale will be denied where it appears from the petition itself that the tax sale was made sixteen years before the petition was filed, and that a certificate of sale was issued to one not a party to the proceeding, upon which prima facie he is entitled to have a conveyance made to him.

3. Where the return to the petition for a writ of certiorari to cancel an alleged illegal tax sale shows that a certificate of sale had been issued to a third party, who subsequently purchased the record title of the property and then sold it to the petitioner, the petition will be denied.

No. 1505.    Submitted February 8, 1905.    Decided March 7, 1905.

HEARING on an appeal from an order of the Supreme Court of the District of Columbia, granting a motion of the respondent to dismiss a petition for the writ of certiorari, quashing the writ, and dismissing the petition.                          *Affirmed.*

The COURT in the opinion stated the case as follows:

This is a proceeding in certiorari in the supreme court of the District of Columbia to bring up the record of certain assessments and a tax sale thereunder, and for a cancelation of the tax sale.

The appellant, Benjamin W. Guy, on July 19, 1904, filed his petition in the supreme court of the District, in which he alleged, in substance, that he was the owner in fee simple of lot No. 23, in square No. 869, in this city; that there was borne on the tax records of the District the entry or record of a sale made of the said lot on February 23, 1888, for the sum of $1,-734.95 to one John G. Slater, which said sum of $1,734.95 was made up of four several special items, as follows: (1) A certificate, No. 1637, for a special assessment in the name of one Emanuel Mason, amounting, with interest, to $926.56; (2) a lien certificate, No. 12,116, for special assessment in the same name, amounting, with interest, to $365.61; (3) general taxes for the years from 1878 to 1884, both inclusive, assessed in the name of William Deacon, amounting to $389.59, and (4) general taxes for the years 1885 and 1886, assessed in the name of L. M. Saunders, amounting to $53.25; that no deed had ever been executed in pursuance of such tax sale, but that a certificate of said sale had been issued to said Slater, which was outstanding and uncanceled, and constituted a cloud upon the petitioner's title. And the petition proceeded further to allege that the assessments had been made in violation of law and without notice to the owner of the lot, and were null and void. The prayer of the petition was for the writ of certiorari to bring up the record of the proceedings of the municipal authorities in the premises, and for the annulment of the tax sale above mentioned.

There was an order for the writ to issue, and then there was a motion made on behalf of the District to quash it, which motion was supported or supplemented by an affidavit of one of the commissioners for the District. In this affidavit a history of the transaction was given from the records of the District,

whereby it appeared, among other things, that after the issue of the certificate of sale, as mentioned in the petition, to John G. Slater, he and one Christiana became the owners of the property, and that, on June 28, 1904, the petitioner, Guy, had become the owner of the property under divers mesne conveyances from Slater and Christiana.

The motion to quash the writ was allowed, and the writ was accordingly quashed, and the petition was dismissed. From the order to that effect the petitioner has now appealed to this court.

*Mr. O. B. Hallam* and *Mr. W. M. Hallam* for the appellant.

*Mr. Andrew B. Duvall,* Corporation Counsel, and *Mr. Francis H. Stephens,* Assistant, for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

The proceedings in this case seem to have been based upon those had in the case of *Padgett* v. *District of Columbia,* 17 App. D. C. 255, where a course similar to that here pursued was sanctioned. While we have no disposition to modify in any manner the force of the decision therein rendered, or the course of reasoning by which that decision was reached, we desire it to be distinctly understood that the mode of procedure in that case was exceptional in its nature, and not intended to be applicable to all cases where it is sought by writ of certiorari to correct an illegal assessment. In that case it was said by the chief justice, speaking for this court:

"Of course we do not intend to be understood as holding that the writ [of certiorari] is not a proper remedy in proper cases for relief against illegal assessments; but to entitle the party applying to the favorable exercise of the court's discretion, it must be shown as a ground for the writ that wrong and injustice will be suffered if the writ be not granted. And the application, moreover, must be made without any unreasonable delay."

The present case, however, does fall under the principal and

the ruling of the *Padgett Case.* It is not made to appear here that wrong and injustice will be suffered if the writ is not granted. Nor does it appear that the application has been made without unreasonable delay. On the contrary, it does appear affirmatively from the petition itself that there is a delay of upwards of sixteen years; that is, from February 23, 1888, the date of the alleged illegal tax sale, to the date of the filing of the petition, July 10, 1904,—a period longer than that of any act of limitations now in force in this District. And, instead of showing that wrong and injustice will be done unless the writ is granted, the petition on its face shows that there is grave danger that wrong and injustice will be done if the writ is granted. For the petition shows that a certificate of sale has been issued to one John G. Slater, upon which prima. facie he is entitled to have a conveyance made to him, and yet the proposition of the petition is, as is the purpose of the whole proceeding, that this certificate of sale should be declared void and should be canceled without giving Slater, the person most vitally interested in it, an opportunity to be heard in defense of his rights. Instead of being in the interest of justice, this would be most flagrant injustice.

It is to be presumed, of course, that the District of Columbia has received its money in the premises upon or before the issue of the certificate of sale; and, if it has received its money, which certainly cannot be recovered back under a proceeding of this kind, if at all, it is not apparent that it has any interest. whatever in the proceedings, further than as they would set a. precedent for interference with their fiscal operations. The only person interested in opposition to the petitioner, in accordance with the petitioner's own showing, is Slater, and Slater is not, and cannot be made, a party to the proceeding. This, of itself, is sufficient to show that the writ of certiorari. should not be issued in a case of this kind.

It is very true that, if we take into consideration the affidavit filed by the respondent or on behalf of it, a very different case is. presented. There we find that Slater was not only the owner of the certificate of sale, but that he subsequently purchased the

property in order to complete the title in himself, and that the present petitioner merely succeeded to his rights. It would be a glaring absurdity if Slater had filed this petition; and the situation is not relieved of its absurdity to any extent by the fact that not he, but his vendee, has filed it. The petitioner, by becoming a recent purchaser of the property in 1904, did not relieve himself from the effect of the period of long delay that had been suffered to elapse since the issue of the certificate, nor from the effect of the merger of the certificate into the fee-simple title when both became possessed by the same person.

It is not apparent that any good purpose can be subserved by the writ of certiorari in this case; but it is apparent that much mischief may be done by it. If the petitioner has any rights in the premises as against the District of Columbia he is not without remedy; but he has not shown himself to be entitled to the writ of certiorari.

The order appealed from will be, and it is hereby, affirmed with costs. And it is so ordered.                    *Affirmed.*